**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50088 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04598-MMA-1 |
| v. | |
| FREDERICO ARMENGOR MORENO-LOPEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted January 10, 2013
Pasadena, California

Before: REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

Federico Armengor Moreno-Lopez[1] appeals his jury conviction for being a

previously deported alien found in the United States, in violation of 8 U.S.C. §

1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] It appears that Moreno's first name is misspelled in the caption.

Even assuming that the prosecutor misstated the evidence in his closing argument, we cannot say that those misstatements infected Moreno's trial with unfairness in violation of his due process rights. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) ("The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'") (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005) ("[U]nder *Darden*, the first issue is whether the prosecutor's remarks were improper and, if so, whether they infected the trial with unfairness."). Agent Garcia testified that border patrol agents located footprints near the border, a border patrol camera surveillance team observed Moreno in an area one mile north of the border, and Agent Garcia had to search for Moreno within that area in order to find him. In light of this evidence, a reasonable fact finder could conclude that Moreno was not under constant surveillance from the moment he crossed the border. Thus, the prosecutor's characterization of Agent Garcia's testimony as sequential was not so gross as to render the resulting conviction a denial of due process. *See Darden*, 477 U.S. at 181; *Hein v. Sullivan*, 601 F.3d 897, 916 (9th Cir. 2010); *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977).

Moreover, the jury was twice instructed that the attorneys' statements and arguments were not evidence. Since any misstatement of the evidence was minor, this repeated, generalized instruction was sufficient to neutralize the error. *See United States v. Necoechea*, 986 F.2d 1273, 1280 (9th Cir. 1993) ("Since the vouching during opening statement was mild, this general instruction was sufficient to cure the error."); *see also Darden*, 477 U.S. at 182.

Therefore, Moreno's conviction is **AFFIRMED**.